# EXHIBIT 1

**DECLARATION OF MALKI KAWA**

I, **MALKI KAWA**, state and declare as follows:

1.      I am over 18 years old and have personal knowledge of the information contained in this Declaration.  I make the following Declaration in support of First Round Management's ("FRM") Response to Plaintiffs' Motion to Compel Subpoena Compliance (the "Motion").  I have personal knowledge of the facts contained in this Declaration and if called to do so, would testify competently thereto.

2.      I am the owner of FRM, which I founded in 2008.  I hold the position of Chief Executive Officer ("CEO") of FRM.  FRM is based in the State of Florida.

3.      Through FRM, I have served as an agent to mixed martial artists across the world who fight in various combat sports promotions, including various Mixed Martial Arts ("MMA") promotions such as the Ultimate Fighting Championship ("UFC") and other unrelated promoters.  I also represent boxers, wrestlers and athletes in other sports, such as professional football players.  FRM also represents professional basketball players, college football players and college basketball players.

4.      While FRM represents high-profile and well-known fighters and athletes, FRM can be characterized as small company.  FRM has typically around 3-5 employees at most, including myself. FRM's other agents are engaged as independent contractors, who utilize their own cell phones, laptops and other equipment which FRM does not purchase, provide, or have possession or control.  FRM does not have an in-house legal department or IT department.

5.      FRM's agents are responsible for engaging in various tasks for their clients, many of which are time-sensitive and require their immediate attention.  FRM's agents travel the world and are largely decentralized.  For example, they have no requirement to come into an office every day due to our frequent travelling.

6.      FRM received a Subpoena to Produce Documents, Information or Objects (referred to as the "Subpoena") from Plaintiffs Kajan Johnson and Calrence Dollaway ("Plaintiffs").  After the transfer of this matter to the Federal District Court in Nevada, FRM was forced to incur the expense to retain outside legal counsel in Nevada.

1

7.    Based upon my understanding of the Subpoena, Plaintiffs seek extensive records and communications going back as far as January 1, 2015.  This is over 11 years of records and communications, including extensive electronic communications such as emails and text messages on cell phones. The Document Requests of the Subpoena are very broad. The documents and communications being sought by Plaintiffs are not organized in a manner that allows for retrieval without FRM dedicating substantial time and expense because, among other reasons, FRM does not utilize a centralized document management system.

8.    FRM generally does not keep, track or create records or documents of MMA fighter compensation or related to their other financial records. The MMA fighters themselves, or their other representatives not associated with FRM, may have this information.  A large part of the documents and information sought by Plaintiffs relate to MMA fighters that do not compete in the UFC.

9.    Given the substantial burden the Subpoena is causing and will cause FRM, it is my understanding that Plaintiffs agreed to pay a third-party vendor for forensic imaging and data extraction for FRM's cell phones and email accounts.

10.    My cell phone, as well as the other FRM agents' cell phones, are personal cell phones that are utilized for both personal and professional activities.  Sensitive personal and private information is contained within my cell phone which I do not consent to Plaintiffs or anyone else reviewing and utilizing in any manner.  This personal and private information has no relevance to Plaintiffs' Subpoena or the lawsuit. I am confident the same can be said about the other FRM personnel that Plaintiffs seek documents and communications from.

11.    In addition, highly sensitive business and confidential information related to athletes in sports other than MMA (as identified above) is contained within my cell phone and the other FRM agents' cell phones.  This highly sensitive and confidential information cannot be relevant to Plaintiffs' Subpoena or the lawsuit.  Disclosure of this information would severely and materially harm FRM's business and its clients, and may have potential legal and reputational implications to FRM and its clients.

12.     Cell phones are a vital tool for our day-to-day professional activities.  I am constantly utilizing my cell phone for phone calls given the nature of the business.  The same is true for FRM's other agents.  Plaintiffs' proposals to download or image the cell phones, which requires that they are out of service, would materially disrupt FRM's business activities during that time.  There is a potential this would harm client relationships and interfere with other obligations that FRM has.  Additionally, FRM will have to attempt to coordinate the imaging of the cell phones with the other agents, which is another inconvenience for FRM.  We have raised this as a serious concern with Plaintiffs.

13.     The documents and communications that Plaintiffs' Subpoena seek include contracts that FRM is not a party to; these contracts are executed by the MMA fighters and FRM does not always receive a copy.  Even if FRM received a copy, I believe many of these contracts and related documents are subject to non-disclosure terms, confidentiality terms and/or contain private and proprietary information.  FRM has not been authorized to disclose such documents and information.  In good faith, FRM has provided Plaintiffs exemplars of certain of its contracts in response to the Subpoena.

14.     Due to all of these serious and legitimate concerns for FRM, FRM's agents and myself, FRM needs the ability to review the documents and communications that potentially could be produced to Plaintiffs.  Given the number of Plaintiffs' document requests and the timespan, this will potentially require the review of thousands of text messages, emails, files and other documents.  This will disrupt FRM's typical business activities and could potentially harm existing client relationships.

15.     In addition to legal expenses FRM has already incurred related to the Subpoena, FRM will incur additional, and very likely substantial, legal costs to ensure privileged, confidential, personal, irrelevant and non-responsive documents are not produced to Plaintiffs.  FRM's focuses its financial resources to its business operations and does not budget for or have excess resources to comply with third-party litigation in which it is not a party.  This is another undue burden caused by the Subpoena.  FRM should not have to pay these expenses.

16.    FRM has informed Plaintiffs' attorneys the undue and unreasonable burden to FRM and me.  FRM should not have to bear the substantial burden, inconvenience and risk (personal and business) caused by the Subpoena.

I declare the above statements under the penalty of perjury under the laws of the United States of America are true and correct to the best of my knowledge.

DATED this 19th day of June, 2026.

_/s/ Malki Kawa_____
MALKI KAWA