# EXHIBIT 2



February 8, 2025

**Via Electronic Mail**

Mr. Kevin E. Rayhill & Ms. Itak Moradi
Joseph Saveri Law Firm
krayhill@saverilawfirm.com
imoradi@saverilawfirm.com

**Re: Kajan Johnson and Plaintiff's Document Requests**

Mr. Rayhill & Ms. Moradi,

This letter acknowledges receipt of Mr. Rayhill's correspondence dated January 31, 2025. It also serves as First Round Management's ("First Round") response to the matters raised and includes confirmations and/or objections as applicable. Please find below First Round's responses organized by section.

**<u>Duty to Preserve</u>**
First Round confirms that all relevant documents in its possession, if any, have been and will continue to be preserved until the resolution of the subpoena, whether by agreement of the parties or by court order.

**<u>Plaintiffs' Document Request No. 1</u>**
First Round will tender the documents, if any, requested in Request No. 1.

**<u>Plaintiffs' Document Request No. 2</u>**
First Round will tender the documents requested in Request No. 2. Below is the information Plaintiff's request seeks:

<u>Sole Beneficial Owner</u>: Malki Kawa

<u>Address:</u> 5000 SW 75th Ave., Suite 118, Miami, Florida 33155

<u>Email:</u> Malki@firstroundmanagement.com

<u>Ownership Percentage:</u> 100%



Your understanding is correct that Mr. Malki Kawa holds a 100% ownership interest in the business, and no other individual or entity currently has any ownership stake in First Round Management. I have attached the founding Articles of Organization to this message, along with the amended Articles of Organization.

Additional business and ownership information can be found on Florida's Division of Corporations website by searching for "First Round Management." The Articles of Organization and Annual Reports are listed chronologically, starting from the initial filing of First Round to the current 2025 annual report.

**Plaintiffs' Document Request No. 3**
First Round does not maintain formal written policies or procedures regarding document preservation, retention, or backup. Nor, does First Round have any formal litigation hold documentation.

Upon being served with the subpoena on January 16th, 2025, First Round promptly took steps to ensure that no relevant documents, if any, were destroyed or deleted. Personnel were instructed to preserve any potentially relevant documents and communications. These preservation efforts remain ongoing, and all relevant documents in First Round's possession, if any, have been and will continue to be preserved until the resolution of this matter.

**Plaintiffs' Document Request No. 4**
First Round objects to Plaintiffs' request for all communications between First Round and the UFC, or any person employed or retained by the UFC, including communications relating to any agreements (whether explicit or implicit) between First Round and the UFC. The request is overly broad, vague, and unduly burdensome, as it seeks an expansive range of communications without sufficient limitation or specificity, subject matter, or relevance to Plaintiffs' claims.

Additionally, First Round objects on the basis that the request improperly seeks communications containing privileged, confidential, and proprietary information. Disclosing such communications without client consent exposes First Round to liability.

First Round confirms that it will produce communications and documents in its possession, if any, specifically related to Kajan Johnson. However, First Round stands by its objection to producing communications and documents involving any other clients of First Round, current or past.



**Plaintiffs' Document Request No. 5**

First Round objects to the first part of this request seeking every contract agreement First Round has with its current or past clients during the relevant time period. The request is overly broad, unduly burdensome, irrelevant, and seeks to obtain privileged, confidential, and proprietary information. Plaintiffs have failed to provide sufficient justification or explanation as to how the specific terms or details of individual client agreements are relevant to the subject matter of the allegations described under Nos. 4-11 of your previous correspondence.

It has not been demonstrated how producing copies of First Round's individual client agreements would materially support Plaintiffs' allegations under Nos. 4-11 of your correspondence. Requiring the production of every individual client agreement would impose an undue and unnecessary burden on First Round, without establishing sufficient relevance to the allegations stated.

First Round further objects to the second part of this request, which seeks agreements between First Round clients and promoters. The request is overly broad and unduly burdensome, as it seeks all promoter agreements for multiple clients without any targeted or specific basis. These agreements contain privileged, confidential, and proprietary information.

Plaintiffs can obtain the promoter agreements they seek directly from the fighters or promoters themselves without burdening and exposing First Round to liability.

**Plaintiffs' Document Request No. 6**

First Round objects to Plaintiffs' request for documents related to the "administration, monitoring, auditing, or enforcement or threatened enforcement" as overly broad, vague, ambiguous, and unduly burdensome.

Clarification and further specificity are requested as to what is meant by "administration, monitoring, auditing, and enforcement," including the specific activities or processes Plaintiffs seek documents about and the parties involved. The request lacks sufficient guidance for First Round to identify the documents being sought and imposes an undue burden by requiring speculative searches.

Additionally, the request risks encompassing communications and documents that are privileged, confidential, and proprietary in nature.

First Round is willing to meet and confer to better understand the scope of this request and discuss potential accommodations.



**Plaintiffs' Document Request No. 7**

First Round objects to Plaintiffs' request for documents relating to "comparisons" as vague, ambiguous, and overly broad. The request fails to define what is meant by "comparisons," the specific subject of such comparisons, or the context in which they were made. As such, it imposes an undue burden on First Round to search for and produce documents without sufficient guidance or specificity.

Additionally, the request could encompass irrelevant, privileged, or confidential information and documents. Without further clarification, compliance with this request would be unreasonable and impose an undue burden.

First Round is willing to meet and confer with Plaintiffs to better understand the scope and intent of this request and to discuss potential accommodations.

**Plaintiffs' Document Request No. 8**

First Round objects to Plaintiffs' request for all documents and communications relating to any actual or potential agreements or opportunities between First Round or its clients and any sponsor.

The request is overly broad, vague, and unduly burdensome, as it seeks speculative and hypothetical communications, including those that did not result in agreements, without establishing relevance to what is being alleged. Moreover, it improperly seeks information that is protected by privilege and confidentiality. Disclosure of such information without client consent exposes First Round to liability.

The information Plaintiffs seek could and can be obtained directly from the fighters or sponsors themselves, making this request unnecessarily duplicative and exposing First Round to liability.

If Plaintiffs can narrow the scope, First Round is willing to meet and confer to discuss a more targeted and reasonable production of documents.

**Plaintiffs' Document Request No. 9**

First Round objects to Plaintiffs' request for all documents referring or relating to the UFC allegedly denying permission to, or discouraging MMA fighters from working with particular sponsors or promoters, or discouraging MMA fighters from contracting with First Round.

The request is overly broad, unduly burdensome, and improperly seeks documents containing privileged, confidential, and proprietary information. Disclosure of such information would violate confidentiality and expose First Round to liability.



To the extent Plaintiffs believe relevant information exists, Plaintiff can obtain evidence of any alleged UFC restrictions directly from the MMA fighters, sponsors, or promoters that Plaintiffs claim were affected, rather than imposing a blanket requirement on First Round to produce speculative communications.

**Plaintiffs' Document Request No. 10**

First Round objects to Plaintiffs' request for documents showing all compensation paid to its clients by any MMA promoter on the grounds that it is overly broad, unduly burdensome, privileged, and confidential.

First Round does not collect income from the UFC or other promoters on behalf of its clients. Fighters are paid directly by the promoters, and First Round invoices the fighters for its fees. If such compensation details are needed, Plaintiffs can obtain the information directly from the fighters themselves whom the UFC directly pays, as well as any other promoters, without imposing an unnecessary burden or exposing First Round to liability.

**Plaintiffs' Document Request No. 11**

First Round objects to Plaintiffs' request for documents sufficient to show all income that its clients or any other MMA fighter received from any source other than an MMA promoter since they became professional MMA fighters. This request is overly broad, unduly burdensome, irrelevant, and is protected by privilege and confidentiality.

Disclosure of such information without client consent exposes First Round to liability. Plaintiffs can obtain such information directly from the fighters Plaintiffs are targeting, making this request duplicative and unnecessary.

First Round maintains its objection to producing documents related to clients other than Kajan Johnson but remains willing to meet and confer regarding any appropriately narrowed request.

**Plaintiffs' Document Request No. 12**

First Round objects to Plaintiffs' request for all communications made or received regarding this action, including communications related to any of the allegations of First Round's clients or any other plaintiff in this action.

The request is overly broad, vague, and lacking in specificity, as it seeks an expansive range of communications without adequately identifying the relevant parties or the specific allegations to which the request pertains.



First Round is willing to meet and confer with Plaintiffs to better understand and appropriately narrow the scope of this request.

**Meet and Confer**

First Round remains willing to meet and confer in good faith to reach a reasonable accommodation that addresses Plaintiffs' discovery needs without imposing an undue burden, violating client privilege and confidentiality, or exposing First Round to liability.

First Round strongly believes that much of the information Plaintiffs seek can be obtained directly from fighters, promoters, sponsors, or other relevant third parties, thereby minimizing unnecessary discovery demands and exposure of liability on First Round.

However, First Round stands firmly on its position that it will not produce documents related to any clients other than Kajan Johnson.

Sincerely,

Jacob M. Stern

5000 SW 75th Ave., Suite 118, Miami, Florida 33155

6