# EXHIBIT 5

| | |
|---|---|
| **From:** | Jacob Stern |
| **To:** | T. Brent Jordan |
| **Cc:** | Kevin Rayhill; Itak Moradi |
| **Subject:** | Re: FW: Johnson v. Zuffa - Phone Call with First Round Management |
| **Date:** | Monday, October 27, 2025 7:39:51 AM |
| **Attachments:** | image001.png |

External (jacob@firstroundmanagement.com)

Report This Email   FAQ   Skout Email Protection

Hi Brent,

Sorry for the delay. I was able to get the contracts uploaded, with a few additional items to follow shortly.

I wanted to circle back regarding the third-party vendor. I met with Mr. Kawa, and he is not in agreement with spending $20,000 in total on the production requests.

His position is that if these additional services are desired, they should be covered on your end. I explained that the estimate discussed during our last call was in the range of $4,000–$6,000, but he would prefer to use an in-house employee to reduce costs significantly. He's not willing to come out of pocket for externally requested items that carry a heavy cost burden.

Again, we're fully on board to produce the documents, communications, and other materials responsive to the requests, but allocating up to $20,000 toward this process is not something Mr. Kawa supports. If this becomes a point of contention, it may make sense to move forward with the smaller items that can be completed at little to no cost and revisit the larger-ticket items at the end.

We don't want to make this a bigger issue than necessary, but as of now, Mr. Kawa is not on board with expending $6,000 on a third-party vendor to complete the review. If you're willing to cover that cost, we're happy to proceed accordingly — but he is not in agreement to fund that expense.

| | |
|---|---|
| **From:** | T. Brent Jordan |
| **To:** | "Jacob Stern" |
| **Cc:** | Kevin Rayhill; Itak Moradi |
| **Subject:** | RE: FW: Johnson v. Zuffa - Phone Call with First Round Management |
| **Date:** | Monday, October 27, 2025 9:28:00 AM |
| **Attachments:** | ~WRD0000.jpg |
| | image001.png |

Jacob,

Courts generally agree that subpoena recipients aren't protected from expense in these situations – it's just a matter of significant expense where costs can shift – if it's not significant, it's a cost of doing business.  And $4K-6K is not $20K nor do I see where $20K is a realistic threat based on the discussions we've had.

However, we do appreciate your willingness to cooperate and we want this to continue to be amicable and as hassle free as we can make it. And we want this to be a thorough search where we are able to run our search terms against a broad capture of ESI (discarding the rest).

So, we will agree to cover the full cost of collection with Innovative, and based on your representations below we are satisfied that we can proceed accordingly with FRM's full cooperation and avoiding significant expense or any further cost shifting, or additional concessions. Reminder, to date, we've made concessions in tailoring the subpoena from its original scope and we've agreed to the concession regarding exemplar client contracts.

With regard to contracts between clients and MMA promoters, and between clients and sponsors, we want a comprehensive production; I'm referencing you to Requests 5 and 8 specifically.  And we want a strong production on compensation and income in response to Requests 10 and 11.

Should I ask Joe Reges to revisit the question of open times to discuss scheduling logistics?  I'm not sure why that part should wait any longer if we are covering the cost?

Let me know on that last part.  Thanks.

**T. Brent Jordan**
Counsel



601 California Street, Suite 1505
San Francisco, CA 94108