# EXHIBIT 6

THE KIRCHER LAW FIRM, PLLC
2831 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Telephone: (702) 508-6788

## DECLARATION OF CHRISTOPHER D. KIRCHER, ESQ.

I, CHRISTOPHER D. KIRCHER, state and declare as follows:

1.    I am a Partner with The Kircher Law Firm, PLLC, counsel for First Round Management, LLC ("FRM"). I make the following Declaration in support of FRM's Response to Plaintiffs' Motion to Compel Subpoena Compliance (the "Motion"). I have personal knowledge of the facts contained in this Declaration and if called to do so, would testify competently thereto.

2.    My law firm was retained by FRM in early-May 2026. Since that time, I have held multiple conferences with Plaintiffs' attorneys in a good faith attempt to narrow the issues and resolve the discovery dispute related to Plaintiffs' Subpoena to Produce Documents, Information or Objects (the "Subpoena") served on FRM

3.    I attended the Status Check in this case on May 18, 2026. During the Status Check, the Court ordered FRM to meet and confer with Plaintiffs' counsel regarding Plaintiffs' Subpoena.

4.    On May 27, 2026, I met and conferred with three attorneys for Plaintiffs via video-conference per the Court's order where numerous issues were raised. Among other concerns, I discussed the concerns with (1) the mobile phone extractions and review due to the personal, non-responsive and highly-sensitive business information contained on the mobile phones; (2) the burden and cost related to responding to the Subpoena under Plaintiffs proposed terms, including shifting the cost-burden to Plaintiffs; (3) narrowing the search terms; and (4) FRM's intention to conduct a linear, manual, "eye-ball" review before responsive documents or information are produced to Plaintiffs for utilization in the underlying lawsuit. Emails between Counsel, true and correct copies are attached to the Response as **Exhibit 7**. Because of the anticipated high cost for a time-consuming review, FRM sought to have Plaintiff to pay for the reasonable fees and costs incurred, Plaintiffs' counsel appeared to have a willingness to do but wished to discuss the matter between themselves after the conference.

5.    On May 29, 2026, Plaintiffs' counsel sent me email correspondence that they were unwilling to commit to assuming the burden to pay for a linear review. *Id*. When I sought clarification, Plaintiffs would not commit to a linear review for privileged and responsive

1

THE KIRCHER LAW FIRM, PLLC
2831 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Telephone: (702) 508-6788

documents and communications, and did not commit to paying FRM the expense for the review. *Id.*

6.    On June 2, 2026, Plaintiffs' counsel clarified their position that they FRM can conduct a linear review and that they have not said they "would not compensate FRM for significant expense incurred in complying with Plaintiffs' subpoena. But that does not mean writing a blank check." *Id.*

7.    Because the issues had not been fully resolved, the parties agreed to a briefing schedule as the Court previously ordered the parties to do during the May 18, 2026 Status Check. The parties further agreed to attempt to continue the discussions surrounding this matter to narrow the issues before any hearing the Court holds on Plaintiffs' Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 19th day of June, 2026 in Clark County, Nevada.

*/s/ Christopher D. Kircher*
CHRISTOPHER D. KIRCHER