# EXHIBIT 7

**Outlook**

---

RE: Letter of Representation for First Round Management, LLC

---

**From** Kevin Rayhill <krayhill@saverilawfirm.com>

**Date** Tue 6/2/2026 4:50 PM

**To** Christopher Kircher <CDK@kircherlawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>

**Cc** Zennia Sotelo <ZS@kircherlawfirm.com>

Christopher,

Plaintiffs' position has not changed. While we do not believe linear relevance is necessary if search terms have been properly crafted and refined, we have not said that FRM cannot engage in linear review. Nor have we said we would not compensate FRM for significant expense incurred in complying with Plaintiffs' subpoena. We will honor our obligation to ensure that FRM does not incur significant expense in complying with Plaintiffs' subpoena under Rule 45, consistent with prevailing Ninth Circuit precedent.

But that does not mean writing a blank check. In my last email I proposed a collaborative, iterative process that that would lead to a focused production of relevant documents and exclude non-relevant documents relating to FRM's other business interests or to any individual's sensitive private information. And as I said there, the Protective Order does offer very powerful protections for any non-responsive documents inadvertently produced. Documents designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY must be filed under seal and cannot be shared outside the necessary litigation personnel. Defendants' executives, including their in-house counsel, do not have access to those documents.

In other words, we will honor our obligations but we want a say in the process to ensure our interests are provided for. In order to comply with the Court's Order, the parties must file the briefing schedule by tomorrow. But we continue to believe that a mutually-satisfactory resolution can be reached, and believe the parties should continue our discussions.

Sincerely,

Kevin

**Kevin Rayhill**
Of Counsel

_____



550 California Street, Suite 910
San Francisco, CA 94104
**T** 415.500.6800 x804
**F** 415.395.9940

_____

**Effective March 2, 2026, the firm name has changed to Saveri Law Firm and the San Francisco & New York addresses have changed.**

**From:** Christopher Kircher <CDK@kircherlawfirm.com>
**Sent:** Tuesday, June 2, 2026 11:40 AM
**To:** Kevin Rayhill <krayhill@saverilawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** Re: Letter of Representation for First Round Management, LLC

Kevin,

I was unavailable yesterday afternoon for a call and was unable to review your email until later.

As we discussed during our conference on May 27, 2026, First Round Management ("FRM") needs and is not waiving its right to conduct a linear review of documents after being narrowed by search terms for numerous reasons which I don't need to repeat again. I believed that your team did not have an issue with the review, and the primary issues were the cost/burden shifting and the timing of completing the review and production.  Plaintiffs' position has apparently changed that FRM cannot conduct a responsiveness and relevance review after the documents are narrowed by search terms.

If plaintiffs want to proceed with a briefing schedule, please see the attached revisions to your proposed Joint Status Report.  I added 2 extra days for the Response brief because I will be on vacation starting tomorrow evening through part of next week, and I will need time to confer with my client.  If you approve the redlines, you may file with my e-signature.

Lastly, as I mentioned during our conference last week, Malki Primo Kawa has not confirmed a willingness to provide his cell phone for download and review for responsive documents, which is a personal cell phone not within FRM's possession, custody or control.

Thanks,
Chris

Christopher Kircher, Esq.
**The Kircher Law Firm**

**From:** Kevin Rayhill <krayhill@saverilawfirm.com>
**Sent:** Monday, June 1, 2026 5:27 PM
**To:** Christopher Kircher <CDK@kircherlawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** RE: Letter of Representation for First Round Management, LLC

Hello Christopher,

Please see the attached proposed JSR with a briefing schedule for Plaintiffs' Motion to Compel per the Court's order (ECF No. 553). If this is ok with you, we can get it on file. Please let us know. Thanks.

**Kevin Rayhill**
Of Counsel

_____



550 California Street, Suite 910
San Francisco, CA 94104
**T** 415.500.6800 x804
**F** 415.395.9940

**Effective March 2, 2026, the firm name has changed to Saveri Law Firm and the San Francisco & New York addresses have changed.**

**From:** Kevin Rayhill
**Sent:** Monday, June 1, 2026 1:25 PM
**To:** 'Christopher Kircher' <CDK@kircherlawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <Tbjordan@saverilawfirm.com>
**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** RE: Letter of Representation for First Round Management, LLC

Christopher,

I would begin by pointing out that the Court has already granted Plaintiffs' motion to compel Dominance to comply with Plaintiffs' subpoena (ECF no. 245); held Dominance in contempt for failing to comply with its order granting Plaintiffs' motion to compel (ECF No. 471), and informed Dominance that it will be awarding Plaintiffs' fees and costs in bringing those motions, *Id.* Yet Dominance continues to try to convince the Court that it has complied with the Court's orders. Of course, you must pursue your client's interests in the way you think best, but the Court has consistently sided with Plaintiffs on these issues.  Moreover, your assertion regarding the Court's position on linear review of Dominance's documents is incorrect—the Court made clear more than once at the March 3, 2026, hearing on Plaintiffs' Application for an Order to Show Cause that Dominance could conduct privilege review but was not to conduct linear relevance review, *see e.g.*:

> So what I would expect is that all of the information regarding the three custodians, right, would be turned over
> based upon search terms that the plaintiffs have provided after review of the material for any privilege. And I will give your client 30 days to do that.
> MR. CHRISTIANSEN: Understood, Your Honor. ECF No. 466, p. 12.

For the purposes of relevance review, Plaintiffs do not agree that search terms cannot sufficiently narrow the universe of documents for production to those that are relevant and responsive, particularly with a cooperative process informed by hit reports. An iterative process that refines the search terms using hit reports can limit the responsive documents to those that are truly relevant. Search terms that relate to the non-responsive subject matter (e.g. football) and employs names of agent s and athletes that are not engaged in MMA can also be used to exclude the documents that FRM is concerned about. And the Protective Order (attached) containing robust confidentiality protections that are available to FRM. The protective order also contains a provision for correcting inadvertent failure to designate a confidential document (paragraph 5.3), and a clawback provision that establishes FRM does not waive any privilege through inadvertent production of privileged materials (sction 11).

FRM has the right to privilege review, but under prevailing standards any such review would also begin with search terms to narrow the universe to documents likely to be privileged (for example, names of FRM's counsel, legal terminology, etc.). Plaintiffs are willing to work with

FRM to facilitate privilege review. But in light of the substantial delay FRM has already engaged in, time is of the essence. Plaintiffs cannot agree to an open-ended process. We need firm deadlines along the lines of those we proposed to FRM in our communication on May 28, 2026.

Unless the parties can agree to such a schedule, Plaintiffs propose the following briefing schedule for the Motion to Compel:

FRM's opposition due June 17, 2026.
Plaintiffs' reply due June 24, 2026.

Let's set up a call for this afternoon to see if we can reach agreement on a production schedule, and if not, the proposed briefing schedule. Does 3:00 work? Or suggest a time that does.

Sincerely,

**Kevin Rayhill**
Of Counsel
_____



550 California Street, Suite 910
San Francisco, CA 94104
**T** 415.500.6800 x804
**F** 415.395.9940
_____

**Effective March 2, 2026, the firm name has changed to Saveri Law Firm and the San Francisco & New York addresses have changed.**

---

**From:** Christopher Kircher <CDK@kircherlawfirm.com>
**Sent:** Monday, June 1, 2026 8:07 AM
**To:** Kevin Rayhill <krayhill@saverilawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** Re: Letter of Representation for First Round Management, LLC

Kevin,

As you know, search terms aren't perfect and non-responsive, irrelevant and/or privileged documents, will be produced without a linear/eye-ball review. This is the precise issue that I raised during our Zoom call last week.  I believed that you and your team understood FRM's concerns, and did not object to a linear review (which is FRM's right), which led to the discussion on burden shifting and plaintiffs' paying for the review of the documents.  We were in agreement that search terms can help narrow the documents that need to be produced and speed-up the production, but that does not substitute for FRM conducting a review to ensure non-responsive, privileged, confidential, personal and/or business-sensitive documents and material are not produced.  Moreover, a protective order does not resolve this significant issue because FRM is not obligated to produce non-responsive and privileged documents, among other reasons.

On Friday, another non-party subpoenaed by plaintiffs, Dominance MMA, LLC ("Dominance"), filed an Opposition (ECF No. 555) to plaintiffs' application for an order to show cause. I

reviewed the Opposition and portions of the minutes setting forth the judge's oral order in that matter.  The judge permitted Dominance to conduct a linear review and ordered plaintiffs to pay for at least a certain amount of that review.  While I appreciate you may dispute Dominance's Opposition, it provides guidance here as Dominance's position is similar to FRM's position.  This is undoubtedly a burden on FRM (e.g., Dominance represents that has incurred $90,000 in attorney's fees and costs in connection with plaintiffs' subpoena duces tecum), and plaintiffs proposed method for collecting documents/information from FRM is inadequate.  It appears Judge Boulware agreed with Dominance's position on these points, and FRM has additional justification for concern.

As I stated during our call, unlike Dominance and other agencies that plaintiffs are receiving documents from, FRM represents athletes in sports other than MMA/UFC.  Search terms alone are insufficient to alleviate FRM's serious and legitimate concerns.  Extremely sensitive business documents/information for athletes in other sports and personal documents/information, which you agree is non-responsive to plaintiffs' subpoena, would be produced.  FRM would be harmed if such information is produced in this highly-competitive sports and management business.

As such, FRM will not waive its right to produce only responsive, non-privileged documents and conducting a linear review.

Chris

Christopher Kircher, Esq.
**The Kircher Law Firm**

---

**From:** Kevin Rayhill <krayhill@saverilawfirm.com>
**Sent:** Friday, May 29, 2026 5:17 PM
**To:** Christopher Kircher <CDK@kircherlawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** RE: Letter of Representation for First Round Management, LLC

Christopher,


We do not believe linear relevance review is necessary for two important reasons.


First, the search terms we shared with FRM on May 9, 2025, are adequate to ensure that only relevant documents responsive to Plaintiffs' subpoena will be produced. Documents relating to aspects of FRM's business that do not relate to the MMA industry (e.g. documents relating to its football business or documents of a sensitive personal nature) would not be reviewed or produced because they are not responsive – they won't hit on the search terms. Plaintiffs do not review or produce documents that do not hit on the search terms (that's the whole point: to weed out documents we're not interested in). If FRM would like to refine or amend Plaintiffs' proposed search terms, we are happy to work with you in a collaborative process. We are open to the idea of using search terms to prevent the production of documents relating to FRM's football business, or to prevent the production of any potentially sensitive documents of a personal nature. Past experience has shown that well-crafted search terms can prevent the

production of non-relevant materials, and we welcome your feedback and input into the proposed search terms.

Second, the Protective Order signed by the Court expressly applies to third party document productions, and provides robust protections for sensitive commercial or personal materials. Designation of such materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" ensures that access is tightly restricted. Only a very small group of litigation counsel has access to discovery materials designated Highly Confidential – Attorneys' Eyes Only. Moreover, in the highly unlikely event that some sensitive materials are attached to a court filing (unlikely because documents relating to FRM's football business or of a personal nature are not relevant), any document designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" would have to be filed under seal by court order. Such documents are not accessible to the public.

To the extent that your client still believes that linear review is necessary to prevent personal documents from slipping through, we would potentially be open to allowing FRM to conduct linear review to weed out these documents, but we do not believe this is the type of review covered by Rule 45(d)(2)(B)(ii) and corresponding case law, and are therefore reluctant to pay for it. As we have stated before, we are interested only in documents that are relevant to the claims and defenses in the underlying class action.

As always, we are happy to continue this discussion on a phone call if you would like.

Sincerely,

Kevin

**Kevin Rayhill**
Of Counsel
_____



550 California Street, Suite 910
San Francisco, CA 94104
**T** 415.500.6800 x804
**F** 415.395.9940

_____

**Effective March 2, 2026, the firm name has changed to Saveri Law Firm and the San Francisco & New York addresses have changed.**

**From:** Christopher Kircher <CDK@kircherlawfirm.com>
**Sent:** Friday, May 29, 2026 1:02 PM
**To:** Kevin Rayhill <krayhill@saverilawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** Re: Letter of Representation for First Round Management, LLC

Kevin,

I will review the draft stipulation in more detail, but I noticed the draft doesn't address the issue about plaintiff paying for the linear/eyes-on review that we discussed for a large part of the conference.  Were you able to come to a decision internally on that issue?

Christopher Kircher, Esq.

**The Kircher Law Firm**

**From:** Kevin Rayhill <krayhill@saverilawfirm.com>
**Sent:** Thursday, May 28, 2026 4:22 PM
**To:** Christopher Kircher <CDK@kircherlawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** RE: Letter of Representation for First Round Management, LLC

Hello Christopher,

Please find attached a draft joint stip regarding the collection, processing, and production of FRM's documents. This would be the joint stipulation branch of the Court's Minute Order* from the 5/18 status conference (also attached). If the parties can reach agreement on the steps in the joint stip, then we can add language dismissing the motion to compel. As we have said we'd like to get this on file on Monday so the Court can digest it before the hearing on Wednesday. If we're still working out the details we'll file a JSR setting forth a briefing schedule for the MTC, which should be relatively straightforward.

We are happy to get on a call to work on the details, but we think this proposed schedule is workable and reasonable.

*The Court said in relevant part, "IT IS HEREBY ORDERED First Round Management must meet and confer with Plaintiffs to attempt to resolve their ongoing discovery dispute. If they

reach an agreement, they must file a stipulation to dismiss Johnson v. First Round Mgmt., LLC, No. 2:26-cv-01322-RFB-EJY (D. Nev. 2026), by June 3, 2026. Otherwise, First Round Management and Plaintiffs must file a joint status report, with a proposed briefing schedule, by that same date."


**Kevin Rayhill**
Of Counsel

———————————



550 California Street, Suite 910
San Francisco, CA 94104
**T** 415.500.6800 x804
**F** 415.395.9940


———————————


**Effective March 2, 2026, the firm name has changed to Saveri Law Firm and the San Francisco & New York addresses have changed.**


**From:** Christopher Kircher <CDK@kircherlawfirm.com>
**Sent:** Friday, May 22, 2026 2:11 PM
**To:** Kevin Rayhill <krayhill@saverilawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** Re: Letter of Representation for First Round Management, LLC


Great, talk to you then.


Christopher Kircher, Esq.

**The Kircher Law Firm**


**From:** Kevin Rayhill <krayhill@saverilawfirm.com>
**Sent:** Friday, May 22, 2026 1:50 PM
**To:** Christopher Kircher <CDK@kircherlawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T.

Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** Re: Letter of Representation for First Round Management, LLC

That works Christopher. I'll send an invite.

**Kevin Rayhill**
Of Counsel
_____



550 California Street, Suite 910
San Francisco, CA 94104
**T** 415.500.6800 x804
**F** 415.395.9940

_____

**Effective March 2, 2026, the firm name has changed to Saveri Law Firm and the San Francisco & New York addresses have changed.**

**From:** Christopher Kircher <CDK@kircherlawfirm.com>
**Sent:** Friday, May 22, 2026 10:58 AM
**To:** Kevin Rayhill <krayhill@saverilawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** Re: Letter of Representation for First Round Management, LLC

Kevin,

I am open on Wednesday at 11:00 am PT if that works for you.  If not, let me know another time later in the day Wednesday.

Thanks!

Christopher Kircher, Esq.

**The Kircher Law Firm**

**From:** Kevin Rayhill <krayhill@saverilawfirm.com>
**Sent:** Friday, May 22, 2026 10:38 AM
**To:** Christopher Kircher <CDK@kircherlawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** Re: Letter of Representation for First Round Management, LLC

Christopher,

We'd like to get a meet and confer scheduled to ensure the parties can present a cogent JSR to the Court before the June 3, 2026, hearing. (The Court said the JSR should be filed by June 3, but in light of the all-day hearing the Court has scheduled for that date, and the June 1 deadline Judge Boulware set for the parties in the underlying litigation to file their respective papers, we think it makes sense to file our JSR by June 1.) With that in mind, we'd like to set up a call next Tuesday or Wednesday. We have wide availability either day, if you have digested the moving papers and are ready to discuss FRM's position.

As you saw in the moving papers, the parties were making progress toward collection of ESI as to which the search terms we have provided you could be applied - until FRM halted its production in February. From our perspective, while we have always been willing to work with FRM to satisfy the shared goal that only FRM's relevant responsive materials are included in the final production, based on the record of what has transpired, we feel to get back on track we need a court order, or perhaps a stipulation for how we will proceed, to be filed with and approved by the court.

We do need a collection of the emails from all four custodians, and a collection of the phones that will capture text messages, since discovery in the UFC cases has shown that a very substantial amount of business is carried out via text messages.

Please let us know a time that works for you next week.

**Kevin Rayhill**
Of Counsel
_____

**SAVERI**
**LAW FIRM**

550 California Street, Suite 910
San Francisco, CA 94104
**T** 415.500.6800 x804
**F** 415.395.9940

_____

**Effective March 2, 2026, the firm name has changed to Saveri Law Firm and the San Francisco & New York addresses have changed.**

---

**From:** Christopher Kircher <CDK@kircherlawfirm.com>
**Sent:** Thursday, May 21, 2026 1:58 PM
**To:** Kevin Rayhill <krayhill@saverilawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>

**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** Re: Letter of Representation for First Round Management, LLC


Hey Kevin,


I'm waiting to discuss with the client about the hearing.  I'll circle back soon to schedule a meet and confer.


Christopher Kircher, Esq.

### The Kircher Law Firm

---

**From:** Kevin Rayhill <krayhill@saverilawfirm.com>
**Sent:** Tuesday, May 19, 2026 5:27 PM
**To:** Christopher Kircher <CDK@kircherlawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** RE: Letter of Representation for First Round Management, LLC


Christopher,


I'm attaching a copy of the transcript from yesterday's hearing, in case you have not received it. Consistent with the Court's statements yesterday, we'd like to schedule another meet and confer. We have wide availability tomorrow except for 12-1:30 PT. If that doesn't work for you, please provide some times later in the week that would work.


We read the Court's statements in the transcript to mean he wants us to first see if we can reach agreement about the scope of the subpoena and First Round's production of responsive documents, and if we can't reach agreement on that,  to discuss a briefing schedule re the Motion to Compel.  See Transcript at 173:5-25. In any event, we can certainly discuss both.


Sincerely,


**Kevin Rayhill**
Of Counsel
_____



550 California Street, Suite 910
San Francisco, CA 94104
**T** 415.500.6800 x804
**F** 415.395.9940

_____

**Effective March 2, 2026, the firm name has changed to Saveri Law Firm and the San Francisco & New York addresses have changed.**

---

**From:** Christopher Kircher <CDK@kircherlawfirm.com>
**Sent:** Tuesday, May 12, 2026 10:40 AM
**To:** Kevin Rayhill <krayhill@saverilawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Subject:** Re: Letter of Representation for First Round Management, LLC

Mr. Rayhill,

Email works best for me as well.  I didn't have your email addresses when we sent the letter last week and wanted to inform you of our appearance as soon as possible.

I am aware of the hearing on Monday.

I am still reviewing the issues and background information.  Nonetheless, if you want to hold an initial call, I am available tomorrow afternoon May 13 at 1:30pm or 4pm.  I may have time Thursday afternoon too, depending if a mediation ends early.

Thanks,

Christopher Kircher, Esq.

**The Kircher Law Firm**

---

**From:** Kevin Rayhill <krayhill@saverilawfirm.com>
**Sent:** Monday, May 11, 2026 3:46 PM
**To:** Zennia Sotelo <ZS@kircherlawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Christopher Kircher <CDK@kircherlawfirm.com>
**Subject:** RE: Letter of Representation for First Round Management, LLC

Mr. Kircher,

Thank you for your letter. Ms. Sotelo's email today was the first that I had heard about your fax, but when I checked with our administrative assistant I learned that we did receive your fax last Wednesday, May 6, at 5:03 pm but it apparently slipped under the printer unseen. So I appreciate your reminder email, and I apologize for my late response. Email is a much more reliable way to reach me going forward.

A few hours after we communicated with Mr. Stern last Wednesday, we received the attached email from Judge Boulware's clerk, informing us that the Court has added our motion to compel to a previously scheduled status conference next Monday, May 18, 2026, at 9:30 am PT.  I forwarded the Court's email to Jacob immediately, and spoke with him by phone that same day to make sure he was aware that the Court wants to discuss the Motion to Compel at next week's hearing. It was not clear from your letter whether you are aware that the Court has set the matter for a hearing on May 18, 2026, at 9:30 AM. Can you please confirm that you are aware of the hearing and will be attending? We understand that you are no longer available today or tomorrow to meet and confer, but if you do have time later this week and would like to schedule a meet and confer prior to the hearing, we can probably make something work. If so, please let us know when you are available.

Sincerely,

**Kevin Rayhill**
Of Counsel
_____



550 California Street, Suite 910
San Francisco, CA 94104
**T** 415.500.6800 x804
**F** 415.395.9940

_____

**Effective March 2, 2026, the firm name has changed to Saveri Law Firm and the San Francisco & New York addresses have changed.**

**From:** Zennia Sotelo <ZS@kircherlawfirm.com>
**Sent:** Monday, May 11, 2026 1:28 PM
**To:** Kevin Rayhill <krayhill@saverilawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>

**Cc:** Christopher Kircher <CDK@kircherlawfirm.com>
**Subject:** Letter of Representation for First Round Management, LLC

Good afternoon,

Please see the attached correspondence sent last week.  We want to ensure that it was received.

Mr. Kircher is no longer available today or tomorrow.

Thank you,

Zennia Sotelo

**The Kircher Law Firm**

2831 St. Rose Parkway, Suite 200

Henderson, Nevada 89052

Phone: (702) 508-6788

Fax: 1 (702) 297-6509

E-mail: zs@kircherlawfirm.com

To ensure compliance with the requirements imposed by the IRS, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for purposes of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This transmission and any attachment is attorney privileged and confidential.  Any dissemination or copying of this communication is prohibited.  If you are not the intended recipient, please notify us immediately by replying and delete the message.  Thank you.